IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION



SHAUN PIERCE,

     Plaintiff,

vs.                                                              No. 11-1283-JDT-egb

TONY PARKER, et al.,

     Defendants.

ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u> ON APPEAL

On September 16, 2011, Plaintiff Shaun Pierce, prisoner number 305410, an inmate at the Charles Bass Correctional Complex ("CBCX") in Nashville, Tennessee, filed a <u>pro</u> <u>se</u> complaint pursuant to 42 U.S.C. § l983, accompanied by a motion seeking leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. (Docket Entry ("D.E.") 1, D.E. 2.) The Court issued an order on September 19, 2011, that granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and assessed the civil filing fee. (D.E. 3.) The Clerk shall record the defendants as the State of Tennessee, Warden Tony Parker and Deputy Warden Brenda Jones.

Plaintiff was previously incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee.  He alleges that on October 9, 2010, while in protective custody, he was attacked and stabbed twenty-three times by his cellmate, Bobby Bain, who had been drinking alcohol and had acquired a home-made knife.  Plaintiff alleges that he was transported by helicopter to the Regional Medical Center at Memphis with life-threatening injuries.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. See Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges

2

not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521, 92 S. Ct. at 596 (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d 3366 (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court

nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

Plaintiff has sued the State of Tennessee.  Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst v. State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979). Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a).  Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. Lapides v. Board of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Will v. Michigan, 491 U.S. 58, 71 (1989).

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. See generally Wilson v. Seiter, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Mingus v. Butler, 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298.

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," Farmer, 511 U.S. at 834; see also Miller v. Calhoun Cnty., 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's

4

necessities," <u>Wilson</u>, 501 U.S. at 298 (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)); <u>see also</u> <u>Hadix v. Johnson</u>, 367 F.3d 513, 525 (6th Cir. 2004).

The subjective component of an Eighth Amendment claim requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." <u>Farmer</u>, 511 U.S. at 834; <u>Wilson</u>, 501 U.S. at 297, 302-03. The official's intent must rise at least to the level of deliberate indifference. <u>Farmer</u>, 511 U.S. at 834; <u>Wilson</u>, 501 U.S. at 302-03.

The Eighth Amendment prohibition on cruel and unusual punishment encompasses the personal safety of inmates. An Eighth Amendment personal safety claim requires a showing that an inmate "is incarcerated under conditions posing a substantial risk of serious harm." <u>Farmer</u>, 511 U.S. at 834; <u>Stewart v. Love</u>, 796 F.2d 43, 44 (6th Cir. 1982). The Constitution "'does not mandate comfortable prisons.'" <u>Wilson</u>, 501 U.S. at 298 (quoting <u>Rhodes</u>, 452 U.S. at 349). Rather, "routine discomfort 'is part of the penalty that criminal offenders pay for their offenses against society.'" <u>Hudson v. McMillian</u>, 503 U.S. at 9 (quoting <u>Rhodes</u>, 452 U.S. at 347).

In considering the types of conditions that constitute a substantial risk of serious harm, the Court considers not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency, <i>i.e.</i>, that society does not choose to tolerate this risk in its prisons. <u>Helling v. McKinney</u>, 509 U.S. 25, 36 (1993). Prison officials are not liable under the Eighth Amendment for an injury to an inmate merely because they were on duty at the time of the injury. <u>See</u> <u>Gibson v. Foltz</u>, 963 F.2d 851, 853-54 (6th Cir. 1992); <u>Marsh v. Arn</u>, 937 F.2d 1056, 1067-69 (6th Cir. 1991).

Plaintiff's allegations fail to establish that anyone knew Plaintiff was at risk of attack. The complaint does not allege any deliberate indifference. The Supreme Court has repeatedly observed that prisons present an "ever-present potential for violent confrontation."

Whitley v. Albers, 475 U.S. 312, 321 (1986)(quoting Jones v. No. Car. Prisoner's Labor Union, Inc., 433 U.S. 119, 132 (1977)).  See also Wolff v. McDonnell, 418 U.S. 539, 561-62 (1974)(prisons are populated by violent offenders, causing unremitting tension among inmates and between inmates and guards).

Section 1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). A plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). A failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). "At a minimum a plaintiff must show that the official least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Hays v. Jefferson Co., Ky, 668 F.2d 869, 874 (6th Cir. 1982).

It is clear that Plaintiff sues Defendant NWCX Warden Tony Parker and Deputy Warden Brenda Jones because of their supervisory capacities at the NWCX.  He alleges no personal involvement of those Defendants and the claims against them must be dismissed.

Therefore, the Court DISMISSES the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Judgment shall be entered for Defendants.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal would be frivolous.

Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. Id. at 445-46. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect, without further action by the Court, upon expiration of the time for filing a notice of appeal, the dismissal of any appeal, or the affirmation of the district court's ruling on appeal, whichever is later.

IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE